**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Christopher Schild, | ) | CASE NO. 1:16 CV 2926 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### **INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz ("R&R") (Doc. 14) recommending that the decision of the Commissioner be AFFIRMED. For the following reasons, the R&R is REJECTED. The decision of the Commissioner is REVERSED and this matter is REMANDED to defendant for further proceedings consistent with this Opinion.

### **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

1

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

On March 11, 2014, plaintiff filed an application for period of disability and disability insurance benefits alleging an onset date of March 14, 2012. On March 9, 2016, defendant issued an unfavorable decision. Thereafter, plaintiff filed this action challenging defendant's decision. The parties and the Magistrate Judge set forth the relevant medical evidence and it will not be repeated herein.

Plaintiff argued to the Magistrate Judge that the Administrative Law Judge ("ALJ") failed to properly apply the treating physician rule to the opinion of Dr. Ksenich. In addition, plaintiff claimed that the residual functional capacity ("RFC") is not supported by substantial evidence and new and material evidence requires remand. The government opposed these arguments. Because the Court finds that remand is required because the ALJ did not comply with the treating physician rule, the Court need only address this argument. Since the RFC may change on remand, the Court will not reach arguments directed at the RFC assessment.

The Magistrate Judge recommends that the decision of the ALJ be affirmed.

Specifically, the Magistrate Judge recommends that the Court treat the opinion of Dr. Ksneich as a "checklist/check the box" form.  According to the Magistrate Judge, such forms are of little evidentiary value and treating physician opinions contained in these forms may be rejected.  The Magistrate Judge further recommends that the ALJ gave other sufficient reasons for discounting the opinion of Dr. Ksenich.  According to the Magistrate Judge, Dr. Ksenich's opinion was primarily based on plaintiff's own subjective complaints.  Because the ALJ properly discounted plaintiff's credibility and plaintiff does not challenge that finding, the Magistrate Judge recommends that the Court find the treating physician rule satisfied.

Plaintiff objects to the R&R.  According to plaintiff, the ALJ did not base any part of his analysis of Dr. Ksenich's opinion on the fact that it is a "checklist/check the box" form. As such, plaintiff claims that the Magistrate Judge is improperly engaging in post-hoc rationalization. Plaintiff also argues that Dr. Ksenich's opinion is *not* simply a "checklist/check the box" form as it contains information such as the prescription of a cane, TENS unit, and brace.  In addition, the opinion sets forth symptoms, including pain and weakness, in support of the restrictions contained therein.  Plaintiff further points out that ALJs frequently rely on similar forms in connection with the state agency's assessment of physical capacity.  In other words, the ALJ cannot have it both ways.  He cannot reject an opinion based on this format while at the same time rely on the same or similar forms.  According to plaintiff, the ALJ in this case *relied* on one such form from a non-treating physician.  (Tr. 293-94).  In addition, plaintiff claims that the ALJ's analysis of Dr. Ksenich's opinion does not comply with the treating physician rule.

In response, defendant argues that the Magistrate Judge's *sua sponte* application of the "checklist/check the box" line of cases is justified.  In the alternative, defendant claims that the

ALJ gave ample reasons for not affording Dr. Ksneich's opinion controlling weight. In addition, defendant claims that, while the ALJ did not assign any specific weight to the opinion, he nonetheless satisfied his obligations under the treating physician rule.

As an initial matter, the Court declines to accept the recommendation that Dr. Ksneich's opinion be rejected on the basis that it is a "checklist/check the box" form. This argument was not presented to the ALJ and, assuming the court has the authority to nonetheless discount or reject the opinion on that basis, the Court declines to do so here. Not only did the ALJ not rely on this reasoning, neither party raised this issue before the Magistrate Judge. And, in its response to plaintiff's objections, the government makes only one general statement about the "checklist/check the box" issue and, instead, devotes the entirety of its response to the sufficiency of the ALJ's analysis of Dr. Ksneich's opinion. Based on these facts, the Court declines to *sua sponte* discount or reject the opinion based on its alleged "checklist/check the box" format. Accordingly, the Magistrate Judge's recommendation to the contrary is rejected.

The Court now turns to whether the ALJ satisfied the treating physician rule in assessing Dr. Ksneich's opinion. Upon review, the Court finds that the ALJ failed in this regard.

After recounting the limitations to which Dr. Ksneich opined, the ALJ analyzed Dr. Ksneich's opinion as follows:

> Pursuant to 20 C.F.R. § 404.1527/416.927, if a treating source opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, we will accord the opinion controlling weight. In this case, upon consideration of the evidence, the undersigned finds Dr. Ksenich's opinion is unsupported and inconsistent with the record as a whole. Specifically, Dr. Ksenich's opinion appears to be based upon the claimant's subjective complaints. This opinion is not consistent with Dr. Ksenich's own examination findings. On exam, Dr. Ksenich noted that the claimant was well appearing and in no distress (Ex. B24F/4). He was neurologically intact without deficits, and had normal reflexes. He had full range of motion without clubbing, cyanosis or edema. Therefore, the undersigned

> was persuaded by treatment records and diagnostic results that the claimant had the residual functional capacity to the extent described in the findings above. An MRI of the lumbar spine dated October 9, 2015 showed a small disc protrusion at L5-Sl on the left contact and displacing the left S1 nerve root slightly (Ex. B27F/5). There is a small disc protrusion extending in to the L4 nerve root foramen and displacing the nerve root slightly and displacing the epidural fibrosis slightly. The claimant underwent dectromyogram testing on October 30, 2014 which showed bilateral median neuropathy at or distal to the writs [sic], consistent with a clinical diagnosis of carpal tunnel syndrome, moderate in degree bilaterally, but worse on the left than the right (Ex. B18F/44). Therefore, these test results suggest the limitations set forth in the residual functional capacity findings.

(Tr. 111).

The law with regard to the treating physician rule is largely well-settled. In analyzing the opinion of a treating physician, the ALJ is "required to give controlling weight to the treating physician's opinion on the nature and severity of the impairment, provided that the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Johnson-Hunt v. Commissioner of Social Sec.*, 500 Fed. Appx. 411 (6th Cir. 2012)(citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). In the event the ALJ declines to give controlling weight to the treating physician's opinion, the ALJ must "consider and balance the following factors to determine how much weight to give the opinion: length of the treatment relationship and the frequency of examination; nature and extent of the treatment relationship; extent to which the opinion is supported by relevant evidence; extent to which the opinion is consistent with the record as a whole; and whether the treating physician is a specialist in the area on which the disability claim is based." *Id*.

> The ALJ also has the obligation to provide good reasons ... supported by the evidence in the case record, for the weight it decides to give to the treating source's opinion. Thus, if the ALJ does not give controlling weight to the treating source's opinion, she must: (1) clarify whether [the treating source's opinion] was not well-supported by medically

5

> acceptable clinical and laboratory diagnostic techniques or was inconsistent with the other substantial evidence in the case record ... identify[ing] the evidence supporting such a finding; and (2) explain [her] application of the factors listed in 20 C.F.R. § 404.1527([c]) (2) to determine the weight to give to [the treating physician's] opinion. Further, the ALJ's explanation must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and reasons for that weight.

*Id*. (citations and quotations omitted).

Upon review, the Court finds that the ALJ failed to properly weigh the opinion of Dr. Ksneich. The ALJ determined that "Ksenich's opinion is unsupported and inconsistent with the record as a whole." While this statement implies that the ALJ did not afford the opinion controlling weight, at no point does the ALJ identify what, if any, weight he assigned to the opinion from this treating source. A failure in this regard makes it exceptionally difficult for a reviewer to evaluate the ALJ's assessment. Nor does the ALJ expressly address most of the factors cross-referenced in 20 C.F.R. § 404.1527(c)(2). Admittedly, he points out that Dr. Ksneich's opinion is "inconsistent" with Dr. Ksenich's own examination findings. Nearly all of those clinical findings, however, appear unrelated to plaintiff's severe back impairments. In addition, the ALJ notes that the opinion appears to be based on plaintiff's subjective complaints and the ALJ found plaintiff not credible.[1] While this factor may support the ALJ's analysis, the analysis as a whole nonetheless falls short of satisfying the articulation requirement demanded by the regulations.

Here, the ALJ fails to discuss plaintiff's length of treatment relationship and frequency of examination with Dr. Ksneich. In his decision, the ALJ identifies only one visit plaintiff had

---

[1] The Court notes that this is the only factor the Magistrate Judge relied on in recommending that the ALJ properly applied the treating physician rule.

with Dr. Ksneich, even though it appears that plaintiff had approximately 20 visits over a three-year time period. Thus, it is not clear whether the ALJ was aware of plaintiff's longstanding relationship with Dr. Ksneich.[2] The most troubling aspect of the ALJ's analysis, however, lies in his summary reliance on medical testing. To that end, the ALJ noted that an MRI "showed a small disc protrusion at L5-Sl on the left contact and displacing the left S1 nerve root slightly [and] a small disc protrusion extending in to the L4 nerve root foramen and displacing the nerve root slightly and displacing the epidural fibrosis slightly." In addition, "dectromyogram testing [ ] showed bilateral median neuropathy at or distal to the writs [sic], consistent with a clinical diagnosis of carpal tunnel syndrome, moderate in degree bilaterally, but worse on the left than the right." At no point, however, does the ALJ offer any explanation or analysis as to why this testing, which shows disc protrusion extending into and/or displacing nerve roots, is inconsistent with the limitations to which Dr. Ksneich opines. Rather, the ALJ simply cites the results of the testing in a vacuum. The Court finds that this summary recitation is insufficient given the record as a whole.

In all, the Court finds that the ALJ failed to properly apply the treating physician rule. As it is not the Court's role to engage in a post-hoc evaluation of the evidence, the Court finds that remand is required. The Court is careful to note that it expresses no opinion on the weight, if any, the ALJ should afford to Dr. Ksneich's opinion.

---

[2] The Court has reviewed plaintiff's medical evidence as it pertains to Dr. Ksneich. Although it appears that many, if not most, of these visits are for concerns unrelated to his disability application, the Court cannot substitute its own analysis for that of the ALJ. Here, it is entirely unclear why the ALJ mentioned only one of the visits.

**CONCLUSION**

For the foregoing reasons, the Court REJECTS the R&R.  The decision of the Commissioner is REVERSED and this matter is REMANDED to defendant for further proceedings consistent with this Opinion.

IT IS SO ORDERED.


                                                 /s/ Patricia A. Gaughan
                                                 PATRICIA A. GAUGHAN
                                                 United States District Judge
                                                 Chief Judge

Dated: 1/26/18