IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SCHILD, | ) | Case No. 1:16CV2926 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | REPORT AND RECOMMENDATION |

Now pending before the court is the plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (R. 20.) Plaintiff moves the court for an order authorizing payment of attorney fees in the amount of $4,258.38, plus costs in the amount of $400.00. (R. 20, PageID #: 1593, 1612-1613.) For the reasons set forth below, it is recommended that plaintiff's motion for EAJA fees be GRANTED.

I. PROCEDURAL BACKGROUND

On March 11, 2014, Christopher Schild ("plaintiff") applied for a period of disability and disability insurance benefits. (R. 9, PageID #: 369.) The Social Security Administration denied his application initially and upon reconsideration, prompting plaintiff to request a hearing before an administrative law judge ("ALJ"). (R. 9, PageID #: 323-340.) On January 11, 2016, an ALJ conducted plaintiff's hearing and subsequently found plaintiff was not disabled. (R. 9, PageID #: 114, 196-241.) The Appeals Council declined to review the ALJ's decision, making the ALJ's March 9, 2016, opinion the final decision of the Commissioner. (R. 9, PageID #: 1-4, 136-155.)

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying benefits on December 6, 2016. (R. 1.) On April 22, 2017, plaintiff filed his brief on the merits. (R. 11.) Plaintiff asserted three assignments of error: (1) that the ALJ failed to accord appropriate weight to the medical opinion of the treating physician; (2) that the ALJ's assignment of plaintiff's RFC was not supported by substantial evidence; and (3) whether new and material evidence submitted to the Appeals Council required the claim to be remanded for further consideration. (*Id.*) The Commissioner opposed plaintiff's arguments. (R. 13.).

On January 26, 2018, the Honorable Patricia A. Gaughan ordered that the Commissioner's final decision be reversed and the case be remanded for further proceedings. (R. 17.) The court concluded that the ALJ failed to properly apply the treating physician rule. *Id.* at PageID #: 1588-1589. The court first declined to reject the treating physician's opinion as an unsupported checklist opinion. *Id.* at PageID #: 1586. In addition, the court found that the ALJ failed to properly weigh the opinion of the treating physician, and that the ALJ's analysis did not satisfy the articulation requirements demanded by the relevant regulations and the well-settled treating physician rule. *Id.* at PageID #: 1587-1589. The court found particularly troubling the ALJ's summary reliance on the medical record and testing, pointing out that the ALJ did not offer any explanation or analysis indicating why pertinent test results were inconsistent with the limitations opined by the treating physician. *Id.* at PageID #: 1589. Because the court concluded that remand was required after determining the ALJ did not comply with the treating physician rule, the court did not address the parties' remaining arguments. *Id.* at PageID #: 1584.

II. LAW & ANALYSIS

The EAJA permits courts to award reasonable attorney fees to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust.  *See* 28 U.S.C. § 2412(d)(1)(A).  The EAJA provides in relevant part:

> (1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> * * *
>
> (2) For the purposes of this subsection—
>
> (A) "fees and other expenses" includes ... reasonable attorney fees....

*Damron v. Commissioner*, 104 F.3d 853, 855 (6th Cir. 1997) (quoting 28 U.S.C. § 2412(d)).

It is undisputed here that plaintiff is an eligible and prevailing party, but defendant argues that its litigation position was substantially justified.

The Commissioner bears the burden of establishing substantial justification.  *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004).  In other words, a "[p]laintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust."  *Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008).  Here, the Commissioner does not argue special circumstances.  *See generally* R. 21.

The substantial justification standard is principally one of reasonableness.  *Pierce v. Underwood*, 487 U.S. 552, 562-565 (1989); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  The pertinent question is whether the Commissioner's litigation position had a

3

reasonable basis in law and fact. *Pierce*, 487 U.S. at 565; *see also Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). Although the Commissioner lost the case, that alone does not necessarily mean that her position was "not substantially justified." *Pierce*, 487 U.S. at 569; *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004); *see also Payne v. Astrue*, No. 1:09CV140, 2011 WL 1768843, at *1 (N.D. Ohio Apr. 14, 2011) *adopted by* 2011 WL 1753307 (N.D. Ohio May 9, 2011). Moreover, "[remand] is not a proper basis for allowance of fees and expenses under the [EAJA]." *Delong v. Commissioner of Social Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Finding that the denial of benefits was not supported by substantial evidence is not tantamount to a finding that the Commissioner's position lacked substantial justification. *Id.*

"'The government's position must be substantially justified at each stage of the proceedings." *Shafer*, 518 F.3d at 1071 (citing *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)); *Unice v. Berryhill*, No. 3:16CV02469, 2018 WL 3496633, at *3-*4 (M.D. Tenn. July 20, 2018) (citing *Shafer*). The question is not simply whether the Commissioner's position as to the merits of the disability claim was substantially justified; rather, the relevant question is whether the Commissioner's decision to defend on appeal the errors committed by the ALJ was substantially justified. *Shafer*, 518 F.3d at 1071 (citing *Corbin*, 149 F.3d at 1053).

Here, the Commissioner argues that its position was substantially justified because the ALJ provided good reasons for discounting the treating physician's opinion in both law and fact. (R. 21, PageID #: 1669.) The Commissioner also argues against an EAJA award because the magistrate judge recommended affirming the ALJ's decision. (*Id.* at 1668.) This latter argument alone does not satisfy the Commissioner's burden. "[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Dilworth v. Astrue*, No. 4:11CV119, 2012 WL 5465990, at *1 (N.D. Ohio Nov. 8,

4

2012) (citing *Howard*, 376 F.3d at 554); *Gonzalez v. Colvin*, 146 F. Supp. 3d 661, 664 (E.D. Pa. 2015) (argument that magistrate judge found Commissioner's position correct is unpersuasive, given that district judge ultimately disagreed and found that ALJ's error warranted remand).

Further, the district court has already considered and rejected the Commissioner's arguments in support of the ALJ's decision. The district court found the ALJ's decision inadequately applied the well-settled treating physician rule, failed to articulate the weight afforded to the treating physician, failed to address most of the pertinent regulatory factors— such as those concerning the length and frequency of treatment—and relied upon an insufficient summary statement of the medical record, all of which necessitated reversal and remand. These significant errors demonstrate that the ALJ's decision lacked a reasonable basis in law or fact; and, under these circumstances, the Commissioner's decision to defend the ALJ's decision lacks substantial justification. Accordingly, Plaintiff is entitled to an EAJA award.

Generally, the starting point to determine the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court may award fees for the value of services rendered in defending the propriety of an EAJA award, including a reply brief. *See Rodriguez v. Astrue*, No. 3:11CV398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012) (citing *Spurlock v. Sullivan*, 790 F.Supp. 979, 982 (N.D. Cal. 1992) (citing *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990))). Here, the Commissioner does not contest the amount of the attorney fees, the number of hours expended on the litigation, the hourly rate or costs sought by plaintiff's EAJA motion. *See generally* R. 21. The undersigned has reviewed the same and finds them facially reasonable. *See* R. 20, PageID # 1593, 1612-13.

The undersigned, therefore, recommends that Plaintiff's EAJA motion for fees and costs

(R. 20) be GRANTED in the amount of $4,258.38 for attorney fees and $400 in costs, for a total award of $4,658.38. An award of attorney fees under EAJA is payable to the prevailing party, not his or her attorney. *Astrue v. Ratliff*, 560 U.S. 586 (2010).

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: September 5, 2018

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).